KEITH CHRESTIONSON (SBN: 130936)
RAMON A. MIYAR (SBN: 284990)
FOX ROTHSCHILD LLP
345 California Street, Suite 2200
San Francisco, CA 94104
Tel: 415.364.5558
Fax: 415.391.4436
e-mail: kchrestionson@foxrothschild.com
        rmiyar@foxrothschild.com

Attorneys for Defendant
FIRST DATA CORPORATION

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| DAVID KNOX,<br><br>                Plaintiff,<br><br>v.<br><br>FIRST DATA CORPORATION, and DOES 1-25,<br><br>                Defendants. | Case No.<br>Judge:<br><br>**DEFENDANT FIRST DATA CORPORATION'S NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1332 (DIVERSITY)**<br><br>**Concurrently Filed Documents:**<br>1.    Declaration of Joshua Horn<br>2.    Declaration of Pamela Lapierre-Otano |

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

**PLEASE TAKE NOTICE** that defendant First Data Corporation ("FDC") hereby removes to this Court the state court action described below. This Court possesses removal and diversity jurisdiction pursuant to 28 U.S.C. §§ 1441 and 1332(a), respectively. In support of this Notice of Removal, FDC states as follows:

## I. PROCEDURAL BACKGROUND

On or about November 12, 2014, Plaintiff David Knox ("Plaintiff") commenced in the Superior Court of California in and for the County of San Joaquin the action entitled *David Knox v. First Data Corporation, and Does 1 to 25*, Case No. 39-2014-00318689-CU-PO-STK (the "State Court Action"). True and correct copies of the documents served on FDC are attached as **Exhibit A** to the concurrently filed Declaration of Joshua Horn in Support of Defendant's Notice of Removal ("Horn Decl.").

Defendant FDC accepted service of the Complaint in the State Court Action by Notice and Acknowledgement of Receipt, which Defendant executed on January 20, 2015 and returned to Plaintiff by e-mail. Horn Decl. ¶ 3, Ex. B. Service of the complaint thus became effective as of January 20, 2015. *See* Cal. Code Civ. P. § 415.30(c) ("Service of the summons pursuant to this section is deemed complete on the date a written acknowledgement of receipt of summons is executed, if such acknowledgement thereafter is returned to the sender.").

The date on which service becomes effective for purposes of removal jurisdiction is governed by state law. *Lee v. City of Beaumont*, 12 F.3d 933, 937 (9th Cir. 1993). This Notice of Removal is, therefore, timely because it was filed and served within 30 days of the execution of the Notice and Acknowledgment of Receipt. *See Murphy Bros., Inc. v. Mitchetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999) (defendant's period for removal will be no less than 30 days from service).

FDC is the only named defendant in this action. *See* Horn Decl. Ex. A, Complaint. Fictitious "Doe defendants," who have not been served with process, may be disregarded for removal jurisdiction purposes. 28 U.S.C. §§ 1441(b)(1), 1446(b)(2); *see also Destfino v. Reiswig*, 630 F.3d 952, 955 (9th Cir. 2011). Accordingly, the joinder of no other defendant is necessary for

removal of this action

## II. SUBJECT MATTER JURISDICTION

This action is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1332. It may be removed to this Court pursuant to the provisions of 28 U.S.C. § 1441 because it is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

### A. Complete Diversity Exists Between Plaintiff and Defendants.

For the reasons outlined below, there is complete diversity among Plaintiff and defendants in this matter.

#### 1. Diversity Between Plaintiff and FDC

Assuming the amount-in-controversy requirement is met, the United States district courts have original jurisdiction of all actions between "citizens of different states[.]" 28 U.S.C. § 1332(a)(1). For diversity jurisdiction purposes, a natural person is a "citizen" of the state in which he or she is domiciled (*i.e.*, the state in which a person resides with the intent of remaining or returning). *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1996). Plaintiff is a natural person domiciled in Lodi, California. *See* Horn Decl. Ex. A, Complaint; Declaration of Pamela Lapierre-Otano in Support of Defendant's Notice of Removal ("Otano Decl.") ¶ 7, Ex. A. Plaintiff, therefore, is a California citizen for diversity purposes.

FDC, on the other hand, is a citizen of Delaware and Georgia. For diversity jurisdiction purposes, a corporation is deemed to be "a citizen of every state and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business . . . ." 28 U.S.C. § 1332(c). At the time of the filing of this action, it was, and still is, a corporation incorporated under the laws of the State of Delaware, having its principal place of business in Atlanta, Georgia. Otano Decl. ¶¶ 3-6.

A corporation's "principal place of business" is the "nerve center," or the place where the entity's high level officers "direct, control, and coordinate" the activities of the corporation. *Hertz Corp. v. Friend*, 559 U.S. 77, 93 (2010). The nerve center "should normally be the place where the corporation maintains its headquarters—provided that the headquarters is the actual

3

FOX ROTHSCHILD LLP
345 California Street, Suite 2200
San Francisco, CA 94104
Telephone: (415) 364-5540  Fax: (415) 391-4436

center of direction, control, and coordination . . . and not simply an office where the corporation holds its board meetings." *Id.*

FDC's "nerve center" is in Atlanta, Georgia. At the time Plaintiff filed suit, FDC's executive office and headquarters was, and remains, located in Georgia. Otano Decl. ¶ 4. Final decisions regarding the company's administration, business strategy, and finances are made in Georgia. *Id.* at ¶ 5. Many of FDC's executives and officers, moreover, are located in Georgia. *Id.* at ¶ 6.; *see also Simonson v. Allstate Ins. Co.*, 2012 WL 3073918, *2 (C.D. Cal. July 27, 2012) (admitting the declaration of defendant's assistant general counsel, which asserted that defendant's "nerve center" was located where "the important corporate decisions are made, and where its executive and administrative functions are performed"). FDC's principal place of business is thus located in Georgia.

Since FDC is not incorporated under the laws of California, and has its principal place of business in Georgia, its citizenship differs from Plaintiff. Diversity therefore exists between FDC and Plaintiff.

### 3.   Fictitious Defendants

FDC believes and on that basis alleges that none of the fictitiously-named defendants (Does 1-50) have been identified by Plaintiff or served with the Summons and Complaint. 28 USC § 1441(a); *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690-691 (9th Cir. 1998). Where the Court has "no information as to who they are or where they live or their relationship to the action," it is proper to disregard Doe defendants upon removal. *McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987); *see also Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209, 1213 (9th Cir. 1980) ("[U]nknown defendants sued as 'Does' need not be joined in a removal petition.").

Because FDC is the sole non-fictitiously named defendant in the Complaint, complete diversity exists between Plaintiff and Defendant.

### C.   The Amount in Controversy in this Action Exceeds $75,000.

The amount in controversy in this matter exceeds $75,000.00, exclusive of interests and costs.

FDC bears the burden of proving by a preponderance of evidence that the amount in controversy exceeds $75,000.00. *See Kroske v. US Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005). The amount in controversy is determined from the allegations or the prayer of the complaint. *St. Paul Mercury Indem. Co. v. Red Cab* 303 U.S. 283, 289 (1938). In measuring the amount in controversy, a court must assume that any admissions in the Complaint are true. *See Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1205 (E.D. Cal. 2008).

Here, Plaintiff alleges in his Complaint that Defendant FDC has wrongfully retained possession of funds in the amount of $84,485.71.[1] Plaintiff alleges that these funds belong to him, and demands the return of the full amount by his Complaint. Horn Decl. Ex. A, Complaint, at 4. Plaintiff's Complaint, therefore, satisfies the amount-in-controversy requirement of 28 U.S.C. § 1332.

Accordingly, because the amount in controversy exceeds the jurisdictional minimum of $75,000, and complete diversity exists between the parties, removal of the State Court Action to this Court is proper.

### III. VENUE

This action is currently pending in the Superior Court of California in and for the County of San Joaquin. For this reason, venue in this Court is proper pursuant to 28 U.S.C. § 84(b) and 28 U.S.C. § 1391.[2] Further, pursuant to General Local Rule 120(d), venue in the Sacramento Session of this Court is proper.

### IV. NOTIFICATIONS

As required by 28 U.S.C. § 1446(d), FDC will provide prompt written notice to Plaintiff, by counsel, of removal of this action to federal court. As required by 28 U.S.C. § 1446(d), FDC

---

[1] In determining whether the Court possesses diversity jurisdiction, "the ultimate inquiry is what amount is put 'in controversy' by the plaintiff's complaint, not what a defendant will *actually* owe." *Korn*, 536 F. Supp. 2d at 1205 (emphasis in original). FDC identifies the sums at issue in this Complaint for the sole purpose of establishing the Court's removal jurisdiction, and makes no admission with respect to any of the allegations in Plaintiffs Complaint.

[2] Although venue is proper in this District for the purposes of removal, FDC reserves the right to challenge venue as improper based upon the contract at issue.

DEFENDANT'S NOTICE OF REMOVAL OF ACTION   CASE NO.:
UNDER 28 U.S.C. § 1332 (DIVERSITY)

1  will file a copy of this Notice of Removal with the Clerk of the Superior Court of the State of
2  California for the County of Joaquin.
3      WHEREFORE, First Data Corporation hereby removes this action from the Superior
4  Court of the State of California in and for the County of San Joaquin, to the United States District
5  Court for the Eastern District of California.

6

7  Dated: February 19, 2015        Respectfully submitted,

8                          FOX ROTHSCHILD LLP

10                          By: _____
11                              KEITH CHRESTIONSON
                            RAMON A. MIYAR
12                              Attorneys for Defendant
                            FIRST DATA CORPORATION

FOX ROTHSCHILD LLP
345 California Street, Suite 2200
San Francisco, CA 94104
Telephone: (415) 364-5540  Fax: (415) 391-4436

DEFENDANT'S NOTICE OF REMOVAL OF ACTION        CASE NO.:
UNDER 28 U.S.C. § 1332 (DIVERSITY)